UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER BOLTENKO, *et al.*,

      Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

      Defendants.
_____/

Case No. 1:07-CV-1055

Hon. Richard Alan Enslen

**ORDER OF REMAND**

      This matter is before the Court on the Motion to Remand of Defendants United States Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"), and Federal Bureau of Investigation ("FBI").[1] Plaintiffs Alexander Boltenko and Tatiana Boltenko have responded in opposition. Based on the quality briefing, the Court discerns no reason for oral argument. *See* W.D. Mich. LCivR 7.3(d).

      The Court assumes, without deciding, USCIS has failed " to make a determination . . . before the end of the 120-day period after the date on which the examination [of Plaintiffs] is conducted."[2]

---

[1] Defendants originally filed a Motion to Dismiss, or in the Alternative, Motion to Remand. (*See* Defs.' Mot. 1.) Defendants no longer seek dismissal. (*See* Defs.' Reply 1.)

[2] A question exists regarding whether the "examination" referenced in 8 U.S.C. § 1447(b) has yet to occur. The majority of courts have held "examination" refers to the initial interview of an immigrant, which in this case took place in December 2004 (Ms. Boltenko) and January 2005 (Mr. Boltenko). *See, e.g., Walji v. Gonzales*, 500 F.3d 432, 438–39 (5th Cir. 2007); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 840–41 (E.D. Mich. 2006). A sizable number of courts, however, have held that the "examination" is not "a single event," but rather "a process" that is not complete until FBI background checks are complete. *See, e.g., Damra v. Chertoff*, No. 1:05CV0929, 2006 WL 1786246, at *2 (N.D. Ohio June 23, 2006); *Danilov v. Aguirre*, 370 F. Supp. 2d 441, 443–44 (E.D. Va. 2005). Since the resolution of Defendants' Motion to Remand does not require the Court to rule on this issue, it assumes Plaintiffs' initial examination is the "examination" referenced in § 1447(b). This issue deserves resolution by the Sixth Circuit Court of Appeals.

*See* 8 U.S.C. § 1447(b).  Accordingly, the Court " has jurisdiction over the matter and may either determine the matter or remand the matter . . . to the [USCIS] to determine the matter."  *Id.*

There is an overwhelming trend among courts, locally and nationally, to remand § 1447(b) naturalization matters to the USCIS.  *See, e.g., Alkabi v. USCIS*, No. 07-13540, 2007 WL 4465251, at *3 (E.D. Mich. Dec. 18, 2007) ("In almost every case . . . the court . . . declined to decide the application in the first instance, choosing instead to remand the matter to CIS for prompt resolution"); *Diaz v. Gonzalez*, No. 07-22360-CIV, 2007 WL 4463492, at *3 (S.D. Fla. Dec. 17, 2007) (noting "the majority of courts . . . have remanded similar cases back to the USCIS"); *Elaasar v. Mueller*, 522 F. Supp. 2d 932, 936 (N.D. Ohio 2007) (concluding "a majority of courts have . . . declined to determine the merits of the application, instead remanding the case to USCIS as a more appropriate remedy").  The appeal of remanding such matters was explained in *Ghazal v. Gonzales*:

> In immigration matters, the executive branch is accorded great deference, as evidenced by the statutory and regulatory schemes established for processing citizenship applications.  Neither the CIS nor the district court is sufficiently informed to decide an application until the FBI completes the required criminal background check to determine whether an applicant presents any national security or public safety risk, nor are they equipped to conduct such investigations themselves.

No. 06CV2732-LAB (NLS), 2007 WL 1971944, at *3 (S.D. Cal. June 14, 2007).

Remanding the matter with a specific deadline within which the USCIS or FBI must act, as urged by Plaintiffs, is impracticable and short-sited.  *See Yang v. Chertoff*, No. 07CV240 WQH (NLS), 2007 WL 1830908, at *3 (S.D. Cal. June 25, 2007) (recognizing "'only the FBI and the CIS are in a position to know what resources are available to conduct' a background check and whether 'an expedited background check is feasible or efficient in a particular case'") (quoting *Ghazal*, 2007 WL 1971944, at *3); *Farooq v. Hansen*, No. 1:07 CV 0946, 2007 WL 2177890, at *4 n.6 (N.D.

Ohio July 27, 2007) ("The Court will not impose a specific deadline on the FBI because it has no basis for determining how much time is necessary to complete the criminal background check.").[3] Although Plaintiffs' delayed applications are unfortunate, "post-911 delays of this nature are inevitable in light of heightened security concerns." *See Mohammed v. Gonzales*, No. CV 07-111-MHW, 2007 WL 4224046, at *4 (D. Idaho Nov. 27, 2007). Nevertheless, the Court expects a determination on Plaintiffs' applications at least one year from the date of this Order. If no determination has been made by such time, the Court will entertain a motion for reconsideration.

The Court must also determine whether Plaintiffs' request for costs and attorney fees is appropriate under 28 U.S.C. § 2412(d)(1)(A). The Court finds such an award inappropriate because Plaintiffs are not a "prevailing party" and final judgment has yet to be entered. *Cf. Alhamedi v. Mukasey*, No. 07 Civ. 2541 (JGK), 2008 WL 84543, at *1 (S.D.N.Y. Jan. 7, 2008). Moreover, Plaintiffs are hard-pressed to argue Defendants' position is not "substantially justified" due to the unsettled issues resounding in this case and lack of guidance from the Sixth Circuit. *See id.* ("The fact that a case raises a question of first impression or unsettled issues of law is properly considered as one factor in determining whether the Government's position is substantially justified.").

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion to Remand (Dkt. No. 4) is **GRANTED** and this matter is **REMANDED** to the USCIS for disposition.

---

[3] It is also debatable whether the Court even has jurisdiction to compel the FBI to act. *Compare Sinha v. Upchurch*, No. 1:07 cv 2274, 2007 WL 4322225, at *4 (N.D. Ohio Dec. 7, 2007) (finding "the majority of courts considering the issue have concluded that jurisdiction over the FBI does not lie"), *with Aman v. Gonzales*, Civil Action No. 07-cv-00223-EWN, 2007 WL 2694820, at *5 (D. Colo. Sept. 10, 2007) (concluding the court can order the FBI to complete a background check indirectly).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Costs and Attorney Fees (Dkt. No. 6) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>February 12, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |